IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HORIZON PHARMA, INC. and HORIZON PHARMA USA, INC., | |
| Plaintiffs, | C.A. No. 13-102-LPS |
| v. | |
| PAR PHARMACEUTICAL COMPANIES, INC. AND PAR PHARMACEUTICAL, INC. | |
| Defendants. | |

## DEFENDANTS PAR PHARMACEUTICAL COMPANIES, INC. AND PAR PHARMACEUTICAL, INC.'S ANSWER AND COUNTERCLAIM

Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (collectively, "Par"),

answer the Complaint of Horizon Pharma, Inc. and Horizon Pharma USA, Inc. (collectively,

"Horizon") as follows:

### THE PARTIES

1.      Plaintiff Horizon Pharma, Inc. is a corporation organized and existing under the

laws of the State of Delaware, with a principal place of business at 520 Lake Cook Road, Suite

520, Deerfield, Illinois.

**Answer:** Par lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 1 of the Complaint and therefore denies them.

2.      Plaintiff Horizon Pharma USA, Inc. is a corporation organized and existing under

the laws of the State of Delaware, with a principal place of business at 1033 Skokie Boulevard,

Suite 355, Northbrook, Illinois 60062.

**Answer:** Par lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

3.     Upon information and belief, Defendant Par Pharmaceutical Companies, Inc. is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

**Answer:** Par admits the allegations in paragraph 3 of the Complaint.

4.     Upon information and belief, Defendant Par Pharmaceutical, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One Ram Ridge Road, Spring Valley, New York 10977, and is a wholly-owned subsidiary of Par Pharmaceutical Companies, Inc.

**Answer:** Par admits the allegations in paragraph 4 of the Complaint.

5.     Upon information and belief, Par Pharmaceutical, Inc. is in the business of, among other activities, offering for sale, selling and/or importing copies of branded pharmaceutical products throughout the United States, including in the State of Delaware.

**Answer:** Par states that Par Pharmaceutical, Inc. is in the business of, among other activities, offering for sale, selling and/or importing branded and generic pharmaceutical products throughout the United States, including in the State of Delaware.  To the extent there are any remaining allegations in paragraph 5 of the Complaint, Par denies them.

6.     Upon information and belief, Par Pharmaceutical, Inc. makes regulatory submissions to the United States Food and Drug Administration ("FDA"), including submissions on behalf of Par Pharmaceutical Companies, Inc.

**Answer:** Par states that Par Pharmaceutical, Inc. makes regulatory submissions to the FDA. Par denies the remaining allegations in paragraph 6 of the Complaint.

2

7.     Upon information and belief, Par Pharmaceutical Companies, Inc. markets and sells generic drugs throughout the United States, and in particular within this judicial district, and therefore Par Pharmaceutical Companies, Inc. has engaged in systematic and continuous business within this judicial district. In addition, and upon information and belief, Par Pharmaceutical Companies, Inc. controls and dominates Par Pharmaceutical, Inc., and thus the activities of Par Pharmaceutical, Inc. in this judicial district are attributable to Par Pharmaceutical Companies, Inc.

**Answer:**  Par denies the allegations in paragraph 7 of the Complaint.

8.     On information and belief, Par Pharmaceutical, Inc. alone and through its parent Par Pharmaceutical Companies, Inc., markets and sells generic drugs throughout the United States, and in particular within this judicial district, and therefore Par Pharmaceutical, Inc. has engaged in systematic and continuous business within this judicial district.

**Answer:**  Par states that Par Pharmaceutical, Inc., among other things, markets and sells branded and generic drugs throughout the United States, and within this judicial district.  Par denies the remaining allegations in paragraph 8 of the Complaint.

9.     Upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. collaborated in the research and development of Par's Abbreviated New Drug Application ("ANDA") No. 203658 for tablets that contain 800 mg of ibuprofen and 26.6 mg of famotidine as active ingredients ("the Par ANDA Product"), continue to collaborate in seeking approval of that application by the FDA, and intend to collaborate in the commercial manufacture, marketing, offer for sale and sale of the Par ANDA Product throughout the United States, including in the State of Delaware, in the event the FDA approves Par's ANDA.

3

**Answer:** Par denies the allegations in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     This is a civil action arising under the patent laws of the United States, Title 35, United States Code, for infringement of U.S. Patent No. 8,309,127 ("the '127 patent") and U.S. Patent No. 8,318,202 ("the '202 patent").   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**Answer:** Par admits that Horizon purports to bring this action under the patent laws of the United States.  Par denies that Horizon properly states a claim for patent infringement.  Par further states that it does not contest subject matter jurisdiction.

11.     Upon information and belief, Par Pharmaceutical Companies, Inc. is subject to personal jurisdiction in this judicial district because it is incorporated in this State and it has purposely availed itself of the benefits and protections of this State's laws such that it should reasonably anticipate being haled into court in this judicial district.

**Answer:** Par states that it does not contest this Court's personal jurisdiction over Par Pharmaceutical Companies, Inc. for purposes of this action.

12.     Upon information and belief, Par Pharmaceutical, Inc. is subject to personal jurisdiction in this judicial district because, inter alia, Par Pharmaceutical, Inc. is incorporated in this state, and Par Pharmaceutical, Inc., alone and through its parent Par Pharmaceutical Companies, Inc., has purposely availed itself of the benefits and protections of this State's laws such that it should reasonably anticipate being haled into court in this judicial district.

**Answer:** Par states that it does not contest this Court's personal jurisdiction over Par Pharmaceutical, Inc. for purposes of this action.  Par denies any characterization of the

4

relationship between Par Pharmaceutical, Inc. and its parent, Par Pharmaceutical Companies, Inc. as stated or implied in paragraph 12 of the Complaint.

13.     Upon information and belief, Par Pharmaceutical Companies, Inc. and/or Par Pharmaceutical, Inc. did not object to personal jurisdiction or venue in this judicial district in Civil Action Nos. 09-305-JJF, 09-481-LDD, 11-107-SLR, 11-705-LPS, and 12-393-LPS.

**Answer:**  Par admits the allegations in paragraph 13 of the Complaint.

14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

**Answer:**  Par states that it does not contest venue in this judicial district for purposes of this action.

## BACKGROUND

15.     Horizon Pharma, Inc. is the holder of the approved New Drug Application ("NDA") No. 022519 for Duexis® tablets, which contains 26.6 mg of famotidine and 800 mg of ibuprofen as active ingredients. Duexis® was approved by the FDA on April 23, 2011, for the relief of signs and symptoms of rheumatoid arthritis and osteroarthritis and to decrease the risk of developing upper gastrointestinal ulcers.

**Answer:**  Par states that the *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") entry for NDA No. 022519 lists "Horizon Pharma" as the applicant.  Par further states that the Orange Book entry for NDA No. 022519 lists the FDA approval date as April 23, 2011.  Par further states that the labeling for Duexis® currently states that Duexis® is "indicated for the relief of signs and symptoms of rheumatoid arthritis and osteroarthritis and to decrease the risk of developing upper gastrointestinal ulcers, which in the clinical trials was defined as gastric and/or duodenal ulcer, in patients who are taking ibuprofen

5

for those indications." To the extent that paragraph 15 of the Complaint contains additional allegations, Par denies them.

16.     On information and belief, Par Pharmaceutical, Inc. submitted ANDA No. 203658 to the FDA under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of generic copies of Duexis® tablets.

**Answer:** Par admits that Par Pharmaceutical, Inc. submitted ANDA No. 203658 to the FDA under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of famotidine and ibuprofen tablets for oral administration (26.6 mg; 800 mg). To the extent that paragraph 16 of the Complaint contains additional allegations, Par denies them.

17.     Upon information and belief, the Par ANDA Product that is the subject of Par's ANDA No. 203658 are tablets containing 800 mg of ibuprofen and 26.6 mg of famotidine as active ingredients, for the relief of signs and symptoms of rheumatoid arthritis and osteoarthritis and to decrease the risk of developing upper gastrointestinal ulcers.

**Answer:** Par states that the product that is the subject of ANDA No. 203658 is famotidine and ibuprofen tablets for oral administration (26.6 mg; 800 mg). Par further states that ANDA No. 203658 currently includes labeling that recites the indication "for the relief of signs and symptoms of rheumatoid arthritis and osteroarthritis and to decrease the risk of developing upper gastrointestinal ulcers, which in the clinical trials was defined as gastric and/or duodenal ulcer, in patients who are taking ibuprofen for those indications." To the extent that paragraph 17 of the Complaint contains additional allegations, Par denies them.

6

## THE PATENTS-IN-SUIT

18.     On November 13, 2012, the U.S. Patent and Trademark Office ("PTO") duly and legally issued the '127 patent titled "Stable Compositions of Famotidine and Ibuprofen." A true and correct copy of the '127 patent is attached hereto as Exhibit A.

**Answer:** Par admits that the '127 patent was issued on November 13, 2012, is entitled "Stable Compositions of Famotidine and Ibuprofen," and what appears to be a copy of the '127 patent is attached as Exhibit A to the Complaint. Par denies that the '127 patent was duly and legally issued.

19.     Horizon Pharma USA, Inc. is the sole owner of the '127 patent.

**Answer:** Par states that the PTO assignment database lists Horizon Pharma USA, Inc. as the assignee of the '127 patent. Par lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore denies them.

20.     The '127 patent discloses and claims, inter alia, a pharmaceutical composition containing famotidine and ibuprofen.

**Answer:** Par states that the '127 patent disclosures and claims speak for themselves. Par specifically denies that the '127 patent claims "a pharmaceutical composition containing famotidine and ibuprofen."

21.     The '127 patent is listed in the FDA publication entitled Approved Drug Products and Therapeutic Equivalence Evaluations ("the Orange Book") relative to Duexis®.

**Answer:** Par admits the allegations in paragraph 21 of the Complaint. Par further states that Horizon caused the '127 patent to be listed in the Orange Book relative to Duexis® by filing

7

a declaration with the FDA, and that the FDA published the '127 patent information in the Orange Book as a ministerial act.

22.     The '127 patent covers the Duexis® product.

**Answer:** Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies them.

23.     On November 27, 2012, the U.S. Patent and Trademark Office ("PTO") duly and legally issued the '202 patent titled "Stable Compositions of Famotidine and Ibuprofen." A true and correct copy of the '202 patent is attached hereto as Exhibit B.

**Answer:** Par admits that the '202 patent was issued on November 27, 2012, is entitled "Stable Compositions of Famotidine and Ibuprofen," and what appears to be a copy of the '202 patent is attached as Exhibit B to the Complaint. Par denies that the '202 patent was duly and legally issued.

24.     Horizon Pharma USA, Inc. is the sole owner of the '202 patent.

**Answer:** Par states that the PTO assignment database lists Horizon Pharma USA, Inc. as the assignee of the '202 patent. Par lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and therefore denies them.

25.     The '202 patent discloses and claims, inter alia, a pharmaceutical composition containing famotidine and ibuprofen.

**Answer:** Par states that the '202 patent disclosures and claims speak for themselves. Par specifically denies that the '202 patent claims "a pharmaceutical composition containing famotidine and ibuprofen."

8

26.     The '202 patent is listed in the FDA publication entitled Approved Drug Products and Therapeutic Equivalence Evaluations ("the Orange Book") relative to Duexis®.

**Answer:** Par admits the allegations in paragraph 26 of the Complaint. Par further states that Horizon caused the '202 patent to be listed in the Orange Book relative to Duexis® by filing a declaration with the FDA, and that the FDA published the '202 patent information in the Orange Book as a ministerial act.

27.     The '202 patent covers the Duexis® product.

**Answer:** Par is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies them.

## COUNT I FOR PATENT INFRINGEMENT

### (Infringement of the '127 patent under 35 U.S.C. § 271(e)(2))

28.     Horizon incorporates paragraphs 1-27 of this Complaint as if fully set forth herein.

**Answer:** Par incorporates herein its responses to the allegations in paragraphs 1-27 of the Complaint.

29.     Upon information and belief, Par Pharmaceutical, Inc. sent a letter dated December 4, 2012, to Horizon Pharma, Inc. and Horizon Pharma USA, Inc., which purported to comply with the provisions of 21 U.S.C. § 355(j)(2)(B). This letter advised Horizon that Par's ANDA contains a Paragraph IV certification with respect to the '127 patent, and that no valid, enforceable claim of the '127 patent would be infringed by the manufacture, importation, use, sale or offer for sale of the Par ANDA Product.

**Answer:** Par admits that Par Pharmaceutical, Inc. sent a letter dated December 4, 2012 to Horizon pursuant to 21 U.S.C. § 355(j)(2)(B), and states that the letter fully complied with the

9

provisions of that statute.  Par states that the letter, with its 37 pages of disclosure, speaks for

itself, and that the letter advised Horizon that ANDA No. 203658 contains a Paragraph IV

certification with respect to the '127 patent and that the letter further advised Horizon, *inter alia*,

that the '127 patent is "invalid, unenforceable and/or will not be infringed" by manufacture,

importation, use, sale or offer for sale of the product that is the subject of ANDA No. 203658.

To the extent that paragraph 29 of the Complaint contains additional allegations, Par denies

them.

     30.    Upon information and belief, Par Pharmaceutical, Inc. submitted Par's ANDA No.

203658 to the FDA for the purpose of obtaining approval to engage in the commercial

manufacture, use, offer for sale, sale and/or importation of a generic copy of the Duexis®

product prior to the expiration of the '127 patent.

    **Answer:**  Par states that Par Pharmaceutical, Inc. submitted ANDA No. 203658 to the

FDA under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial

manufacture, use, offer for sale, sale and/or importation of famotidine and ibuprofen tablets for

oral administration (26.6 mg; 800 mg) prior to the expiration of the '127 patent.  To the extent

that paragraph 30 of the Complaint contains additional allegations, Par denies them.

     31.    Upon information and belief, Par's ANDA contains a certification under 21

U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") asserting that, in its opinion, the

'127 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer

for sale, sale and/or importation of the Par ANDA Product.

    **Answer:**  Par states that ANDA No. 203658 contains a Paragraph IV Certification

asserting that, in Par Pharmaceutical, Inc.'s opinion, the '127 patent is invalid, unenforceable,

and/or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of the

product that is the subject of ANDA No. 203658. To the extent that paragraph 31 of the Complaint contains additional allegations, Par denies them.

32.     By filing Par's ANDA No. 203658 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the Par ANDA Product prior to the expiration of the '127 patent, Par has committed an act of infringement under 35 U.S.C. § 271(e)(2). Further, on information and belief, Par plans to commercially use, offer for sale, and/or sell the Par ANDA Product, and/or to induce or contribute to such activity, and by such actions Par would infringe one or more claims of the '127 patent under 35 U.S.C. § 271(a), (b) and/or (c).

**Answer:** Par denies the allegations in paragraph 32 of the Complaint.

33.     Upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. participated in, contributed to, aided, and/or induced the submission of Par's ANDA No. 203658 and its Paragraph IV certification to the FDA. Additionally, upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. will market and/or distribute the Par ANDA Product in the United States, and within this judicial district, if Par's ANDA No. 203658 is approved by the FDA. Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. thus are jointly and severally liable for infringement of the '127 patent.

**Answer:** Par states that Par Pharmaceutical, Inc. submitted ANDA No. 203658 and its Paragraph IV certification to the FDA, and seeks FDA approval to market the product as defined in that ANDA. Par denies the remaining allegations in paragraph 33 of the Complaint.

11

34.     This action is being filed within 45 days of receipt by Horizon of the Par letter dated December 4, 2012, which purportedly advised Horizon of Par's Paragraph IV Certification with respect to the '127 patent.

**Answer:** Par lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of the Complaint and therefore denies them.

35.     Upon information and belief, Par had actual and constructive notice of the '127 patent prior to filing Par's ANDA No. 203658, and Par's infringement of the '127 patent has been, and continues to be, willful.

**Answer:** Par states that it was aware of the existence of the '127 patent prior to Par Pharmaceutical, Inc.'s filing of ANDA No. 203658. Par denies the remaining allegations in paragraph 35 of the Complaint.

36.     Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Par's ANDA No. 203658 be a date that is not earlier than the expiration of the '127 patent, or any later expiration of exclusivity for the '127 patent to which it becomes entitled.

**Answer:** Par denies the allegations in paragraph 36 of the Complaint.

37.     Horizon will be irreparably harmed if Par is not enjoined from infringing or actively inducing or contributing to infringement of the '127 patent, as Horizon has no adequate remedy at law.

**Answer:** Par denies the allegations in paragraph 37 of the Complaint.

38.     This is an exceptional case, and Horizon is entitled to its costs and reasonable attorney fees.

**Answer:** Par denies the allegations in paragraph 38 of the Complaint.

## COUNT II FOR PATENT INFRINGEMENT

### (Infringement of the '202 patent under 35 U.S.C. § 271(e)(2))

39.     Horizon incorporates paragraphs 1-27 of this Complaint as if fully set forth herein.

**Answer:**  Par incorporates herein its responses to the allegations in paragraphs 1-27 of the Complaint.

40.     Upon information and belief, Par Pharmaceutical, Inc. sent a letter dated December 4, 2012, to Horizon Pharma, Inc. and Horizon Pharma USA, Inc., which purported to comply with the provisions of 21 U.S.C. § 355(j)(2)(B). This letter advised Horizon that Par's ANDA contains a Paragraph IV certification with respect to the '202 patent, and that no valid, enforceable claim of the '202 patent would be infringed by the manufacture, importation, use, sale or offer for sale of the Par ANDA Product.

**Answer:**  Par admits that Par Pharmaceutical, Inc. sent a letter dated December 4, 2012 to Horizon pursuant to 21 U.S.C. § 355(j)(2)(B), and states that the letter fully complied with the provisions of that statute.  Par states that the letter, with its 37 pages of disclosure, speaks for itself, and that the letter advised Horizon that ANDA No. 203658 contains a Paragraph IV certification with respect to the '202 patent and that the letter further advised Horizon, *inter alia*, that the '202 patent is "invalid, unenforceable and/or will not be infringed" by manufacture, importation, use, sale or offer for sale of the product that is the subject of ANDA No. 203658. To the extent that paragraph 40 of the Complaint contains additional allegations, Par denies them.

41.     Upon information and belief, Par Pharmaceutical, Inc. submitted Par's ANDA No. 203658 to the FDA for the purpose of obtaining approval to engage in the commercial

manufacture, use, offer for sale, sale and/or importation of a generic copy of the Duexis®
product prior to the expiration of the '202 patent.

**Answer:** Par states that Par Pharmaceutical, Inc. submitted ANDA No. 203658 to the
FDA under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial
manufacture, use, offer for sale, sale and/or importation of famotidine and ibuprofen tablets for
oral administration (26.6 mg; 800 mg) prior to the expiration of the '202 patent.  To the extent
that paragraph 41 of the Complaint contains additional allegations, Par denies them.

42.   Upon information and belief, Par's ANDA contains a certification under 21
U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") asserting that, in its opinion, the
'202 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer
for sale, sale and/or importation of the Par ANDA Product.

**Answer:** Par states that ANDA No. 203658 contains a Paragraph IV Certification
asserting that, in Par Pharmaceutical, Inc.'s opinion, the '202 patent is invalid, unenforceable,
and/or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of the
product that is the subject of ANDA No. 203658.  To the extent that paragraph 42 of the
Complaint contains additional allegations, Par denies them.

43.   By filing Par's ANDA No. 203658 under 21 U.S.C. § 355(j) for the purpose of
obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or
importation of the Par ANDA Product prior to the expiration of the '202 patent, Par has
committed an act of infringement under 35 U.S.C. § 271(e)(2).  Further, on information and
belief, Par plans to commercially use, offer for sale, and/or sell the Par ANDA Product, and/or to
induce or contribute to such activity, and by such actions Par would infringe one or more claims
of the '202 patent under 35 U.S.C. § 271(a), (b) and/or (c).

14

**Answer:** Par denies the allegations in paragraph 43 of the Complaint.

44.     Upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. participated in, contributed to, aided, and/or induced the submission of Par's ANDA No. 203658 and its Paragraph IV certification to the FDA. Additionally, upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. will market and/or distribute the Par ANDA Product in the United States, and within this judicial district, if Par's ANDA No. 203658 is approved by the FDA. Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. thus are jointly and severally liable for infringement of the '202 patent.

**Answer:** Par states that Par Pharmaceutical, Inc. submitted ANDA No. 203658 and its Paragraph IV certification to the FDA, and seeks FDA approval to market the product as defined in that ANDA. Par denies the remaining allegations in paragraph 44 of the Complaint.

45.     This action is being filed within 45 days of receipt by Horizon of the Par letter dated December 4, 2012, which purportedly advised Horizon of Par's Paragraph IV Certification with respect to the '202 patent.

**Answer:** Par lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of the Complaint and therefore denies them.

46.     Upon information and belief, Par had actual and constructive notice of the '202 patent prior to filing Par's ANDA No. 203658, and Par's infringement of the '202 patent has been, and continues to be, willful.

**Answer:** Par states that it was aware of the existence of the '202 patent prior to Par Pharmaceutical, Inc.'s filing of ANDA No. 203658. Par denies the remaining allegations in paragraph 46 of the Complaint.

47.     Horizon is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Par's ANDA No. 203658 be a date that is not earlier than the expiration of the '202 patent, or any later expiration of exclusivity for the '202 patent to which it becomes entitled.

**Answer:**  Par denies the allegations in paragraph 47 of the Complaint.

48.     Horizon will be irreparably harmed if Par is not enjoined from infringing or actively inducing or contributing to infringement of the '202 patent, as Horizon has no adequate remedy at law.

**Answer:**  Par denies the allegations in paragraph 48 of the Complaint.

49.     This is an exceptional case, and Horizon is entitled to its costs and reasonable attorney fees.

**Answer:**  Par denies the allegations in paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

Par denies that Horizon is entitled to any of the relief it seeks in its Complaint.

## AFFIRMATIVE DEFENSES

1.     The claims of the '127 patent are invalid under 35 U.S.C. § 1 *et seq.* and/or the doctrine of obviousness-type double patenting.

2.     Par Pharmaceutical, Inc.'s filing of ANDA No. 203658 was not an act of infringement of any claim of the '127 patent.

3.     The manufacture, use, offer for sale, sale, marketing, distribution, or importation of the product that is the subject of Par Pharmaceutical, Inc.'s ANDA No. 203658 would not infringe any claim of the '127 patent.

16

4.      The claims of the '202 patent are invalid under 35 U.S.C. § 1 *et seq.* and/or the doctrine of obviousness-type double patenting.

5.      Par Pharmaceutical, Inc.'s filing of ANDA No. 203658 was not an act of infringement of any claim of the '202 patent.

6.      The manufacture, use, offer for sale, sale, marketing, distribution, or importation of the product that is the subject of Par Pharmaceutical, Inc.'s ANDA No. 203658 would not infringe any claim of the '202 patent.

7.      The Complaint fails to state a claim for which relief can be granted.

8.      The relief requested in the Complaint is barred by the doctrines of estoppel and/or waiver.

## COUNTERCLAIM

Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. (collectively, "Par"), assert the following Counterclaim against Horizon Pharma, Inc. and Horizon Pharma USA, Inc. (collectively, "Horizon"):

## THE PARTIES

1.      Par Pharmaceutical Companies, Inc. is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

2.      Par Pharmaceutical, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One Ram Ridge Road, Spring Valley, New York 10977.

17

3.     Horizon Pharma, Inc. asserts in its Complaint that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 520 Lake Cook Road, Suite 520, Deerfield, Illinois.

4.     Horizon Pharma USA, Inc. asserts in its Complaint that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1033 Skokie Boulevard, Suite 355, Northbrook, Illinois 60062.

## NATURE OF THE ACTION

5.     Par seeks a declaratory judgment under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that U.S. Patent Nos. 8,309,127 and 8,318,202 are invalid and not infringed.

## JURISDICTION

6.     This Court has original jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.     This Court has personal jurisdiction over Horizon based, *inter alia*, on the filing by Horizon of this lawsuit in this jurisdiction.

## VENUE

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(d), 1400(b), and Horizon's choice of forum.

## BACKGROUND

9.     U.S. Patent No. 8,309,127 (the "'127 patent") entitled "Stable Compositions of Famotidine and Ibuprofen" issued on November 13, 2012.

10.    On information and belief, Horizon Pharma USA, Inc. is the assignee of the '127 patent.

18

11.     U.S. Patent No. 8,318,202 (the "'202 patent") entitled "Stable Compositions of Famotidine and Ibuprofen" issued on November 27, 2012.

12.     On information and belief, Horizon Pharma USA, Inc. is the assignee of the '202 patent.

13.     On information and belief, Horizon Pharma, Inc. is the holder of New Drug Application No. 022519 ("NDA No. 022519") for famotidine and ibuprofen tablets for oral administration (26.6 mg; 800 mg), marketed under the brand name Duexis®.  In connection with NDA No. 022519, Horizon Pharma, Inc. caused the U.S. Food and Drug Administration ("FDA") to list the '127 and '202 patents in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book").

14.     Par Pharmaceutical, Inc. submitted to the FDA Abbreviated New Drug Application No. 203658 ("ANDA No. 203658") requesting regulatory approval to engage in the commercial manufacture, use, or sale of famotidine and ibuprofen tablets for oral administration (26.6 mg; 800 mg) ("ANDA Famotidine and Ibuprofen Tablets") before the expiration of the Orange Book patents listed for Duexis®.  Par Pharmaceutical, Inc. made a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification") that the '127 and '202 patents listed in the Orange Book for Duexis® are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the ANDA Famotidine and Ibuprofen Tablets.

15.     Pursuant to 21 U.S.C. § 355(j)(2)(B)(ii), on December 4, 2012, Par Pharmaceutical, Inc. notified Horizon of the paragraph IV certifications filed in connection with ANDA No. 203658 for the '127 and '202 patents.  The notice set forth detailed bases for Par Pharmaceutical, Inc.'s opinion that the ANDA Famotidine and Ibuprofen Tablets do not infringe any valid claim of the '127 and '202 patents, and that the '127 and '202 patent claims are invalid

19

and/or unenforceable.  The notice also included an offer of confidential access to ANDA No. 203658.

16.      On January 17, 2012, Horizon filed its Complaint alleging infringement of the '127 and '202 patents by Par.

## COUNT ONE

### (Declaratory Judgment regarding U.S. Patent No. 8,309,127)

17.      Par realleges paragraphs 1-16 of the Counterclaim as if fully set forth herein.

18.      The claims of the '127 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

19.      Par Pharmaceutical, Inc.'s filing of ANDA No. 203658 did not infringe any valid claim of the '127 patent.

20.      The commercial manufacture, use, offer for sale, sale, or importation of the ANDA Famotidine and Ibuprofen Tablets would not infringe any valid claim of the '127 patent.

21.      An actual and justiciable controversy exists between the parties with respect to the '127 patent, and Par is entitled to a declaratory judgment that the '127 patent is invalid and not infringed.

22.      This is an exceptional case, and Par is entitled to its costs and reasonable attorney fees.

## COUNT TWO

### (Declaratory Judgment regarding U.S. Patent No. 8,318,202)

23.      Par realleges paragraphs 1-16 of the Counterclaim as if fully set forth herein.

20

24.     The claims of the '202 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

25.     Par Pharmaceutical, Inc.'s filing of ANDA No. 203658 did not infringe any valid claim of the '202 patent.

26.     The commercial manufacture, use, offer for sale, sale, or importation of the ANDA Famotidine and Ibuprofen Tablets would not infringe any valid claim of the '202 patent.

27.     An actual and justiciable controversy exists between the parties with respect to the '202 patent, and Par is entitled to a declaratory judgment that the '202 patent is invalid and not infringed.

28.     This is an exceptional case, and Par is entitled to its costs and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Par respectfully requests that this Court enter judgment in its favor and against Horizon and grant the following relief:

A.     Declare that the claims of the '127 patent are invalid;

B.     Declare that Par Pharmaceutical, Inc.'s filing of ANDA No. 203658 was not an act of infringement of any claim of the '127 patent;

C.     Declare that the manufacture, use, offer for sale, sale, marketing, distribution, or importation of the ANDA Famotidine and Ibuprofen Tablets would not infringe the claims of the '127 patent;

D.     Declare that the claims of the '202 patent are invalid;

21

E.     Declare that Par Pharmaceutical, Inc.'s filing of ANDA No. 203658 was not an act of infringement of any claim of the '202 patent;

F.     Declare that the manufacture, use, offer for sale, sale, marketing, distribution, or importation of the ANDA Famotidine and Ibuprofen Tablets would not infringe the claims of the '202 patent;

G.     Declare that this case is exceptional under 35 U.S.C. § 285;

H.     Award Par its costs and reasonable attorney fees to the extent permitted by law; and

I.     Award Par such other and further relief as the Court deems just and proper.


Of Counsel:

Daniel G. Brown
Gina R. Gencarelli
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Fineman@rlf.com

*Attorneys for Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc.*

Dated: February 8, 2013

22